UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLIED BIOSCIENCE, INC., a Nevada corporation,<br><br>      *Plaintiff*,<br><br>  v.<br><br>CRAIG GROSSMAN, an individual,<br><br>      *Defendant*. | CASE NO. 2:20-cv-01650-BJR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CORRECTED AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) |

## I. INTRODUCTION

Before the Court is Defendant Craig Grossman's Motion to Dismiss Plaintiff Allied Bioscience's ("ABS") Amended Complaint seeking declaratory judgment and injunctive relief. Def.'s Mot. to Dismiss, Dkt. No. 15 ("Mot."). Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny Defendant's Motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

ABS is a technology company specializing in the development and production of antiviral surface coatings. Am. Compl., Dkt. No. 12 ¶ 8; Mot. at 2. Defendant is ABS's founder and former President, Chief Executive Officer, Chairman of the Board of Directors, and consultant. Am.

1

Compl. ¶ 9; Mot. at 2.  While working for ABS between 2005 and 2020, Defendant helped develop several technologies and patents which the Parties refer to as the "Grossman Inventions."  Am. Compl. ¶ 11.  After his employment at ABS terminated in 2018 and his consultancy with ABS ended in 2020, Defendant assigned his ownership interest in the Grossman Inventions to ABS in a series of patent assignment agreements.  *See* Am. Compl. ¶ 14; Am. Compl., Ex. B, Dkt. No. 12-2 ("Assignment Agreements").

Following execution of the Assignment Agreements, Defendant continued to use an ABS signature bloc and former job titles in correspondence with outside parties.  Am. Compl. ¶ 15; Am. Compl., Ex. C, Dkt. No. 12-3 at 3–5 (Defendant Email Correspondence).  For example, ABS has attached to its Complaint a copy of an email chain showing Defendant communicating with representatives of the Walt Disney Company, discussing several of ABS's products.  Ex. C at 5 (Defendant Email Correspondence).  In response, ABS issued a cease and desist letter, Ex. C at 1 (Cease and Desist Letter), and presented Defendant with a "Confirmatory Assignment Agreement" that "confirm[s] [ABS's] ownership of the ABS technology" and "reiterat[es] that ABS is the sole owner of all Grossman Inventions."  Am. Compl. ¶ 17; *see also* Am. Compl., Ex. D, Dkt. No. 12-4 (Proposed Confirmatory Assignment Agreement).  Through counsel, Defendant attempted to negotiate the terms and sought additional compensation in exchange for signing the Confirmatory Assignment Agreement.  Am. Compl. ¶¶ 18–19.

On November 10, 2020, ABS initiated the present suit, advancing two causes of action: (1) seeking declaratory judgement to clarify ownership of the Grossman Inventions pursuant to 28 U.S.C. §§ 2201–02 (Declaratory Judgment Act) and (2) Breach of Fiduciary Duty.  Am. Compl. ¶¶ 22–35.  Presently before the Court is Defendant's Motion to Dismiss ABS's Amended

Complaint claiming a lack of subject matter jurisdiction.  *See generally* Mot., Dkt. No. 15.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a complaint should be dismissed where the Court lacks subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  In a jurisdictional attack such as this one, all factual allegations in the plaintiff's complaint are taken as true and all reasonable inferences are drawn in their favor.  *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

To establish subject matter jurisdiction in a declaratory relief action, a plaintiff bears the burden of presenting "an actual case or controversy" within the meaning of Article III, Section 2 of the United States Constitution.  28 U.S.C. § 2201; *see also Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998); *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1039 (W.D. Wash. 2019), *appeal dismissed sub nom. ATM Shafiqul Khalid v. Microsoft Corp.*, No. 19-35841, 2019 WL 6250434 (9th Cir. Oct. 25, 2019), *and reconsideration denied*, No. 19-cv-0130, 2019 WL 6213162 (W.D. Wash. Nov. 21, 2019).  An "actual controversy" exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Gelinas v. Bank of Am., N.A.*, No. 16-cv-1355, 2017 WL 1153859, at *6 (W.D. Wash. Mar. 28, 2017) (citing *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993)).

### IV. DISCUSSION

Defendant argues that dismissal of ABS's claims is appropriate as there is no actual controversy between the Parties as they agree that, based on the Assignment Agreements, ownership of the Grossman Inventions has been assigned to ABS.  Mot. at 5.  ABS argues that dismissal is not warranted as there is a dispute over ownership of the Grossman Inventions.

Response at 3. Specifically, ABS asserts that there may still be inventions, while unidentified at this time, the Parties will disagree over, Response at 4, and that this dispute is confirmed by Defendant's subsequent conduct, such as the correspondence with the Walt Disney Company and his attempt to negotiate anew the terms of the Confirmatory Assignment Agreement. Am. Compl. ¶¶ 15–16, 19–20.

In viewing the Complaint and attached materials in the light most favorable to ABS, the Court finds that ABS has set out sufficient concerns to satisfy the case or controversy requirement. By using an ABS signature bloc and discussing specific technologies with outside parties, the Court finds that Defendant's actions could constitute claiming ownership of Grossman Inventions. Ex. C, at 3–6 (Defendant Email Correspondence). Additionally, Defendant's refusal to sign the Confirmatory Assignment Agreement and his attempt to negotiate additional compensation implies a divergence with his official position that "ABS is the sole owner of the Grossman Inventions." Mot. at 3. Based on the pleadings before the Court, ABS has shown an actual controversy with Defendant for the purposes of establishing jurisdiction.

The conclusion *supra* also resolves Defendant's challenge to ABS's Breach of Fiduciary Duty claim. ABS alleges that Defendant breached his duty to the company by continuing to assert ownership rights over the Grossman Inventions. Am. Compl. at ¶ 30–35. Based on the Court's determination that ABS has sufficiently plead an ownership dispute, the Court also finds that ABS has successfully plead a basis for its Breach of Fiduciary Duty claim. *See Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 40 P.3d 1206, 1217 (2002) (citing *Miller v. U.S. Bank of Wash.*, 865 P.2d 536 (1994)) ("The plaintiff must show (1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury.").

The Court will, therefore, also deny dismissal on this claim.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss.

DATED this 23rd day of March 2021.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE